HOLLOPETER & POST, INC., v. J. MARTINEZ SAENZ, *et al.*

182 So. 906.
Opinion Filed June 13, 1938.
Rehearing Denied July 1, 1938.

*Mercer & Sims,* for Appellant;

*A. Frank Katzentine, W. Sanders Gramling, Alonzo Wilder, Thompson & Thompson & J. Tillman Pearson,* for Appellees.

BUFORD, J.—On September 18th, 1937, complainants filed a bill of interpleader in which Hollopeter & Post, Inc., a Florida corporation, John C. Sumner and Lillie L. Sumner, his wife, residents of Statesboro, Georgia, and J. E. Tillman, a resident of Pineora, Georgia, were made defendants.

It was alleged that on about the 7th day of December, 1936, the complainants made, executed and delivered to the Sumners, being husband and wife, a mortgage deed bearing date of November 20, 1936, with two promissory

notes of even date therewith each in the amount of $514.73, one due January 15th, 1937, and the other note due July 15, 1937; that on January 15th, 1937, the complainants paid and discharged the note first due; that on the 26th day of February, 1937, the complainants were served with garnishment issued out of the Civil Court of Record in and for Dade County, Florida, in a cause therein pending wherein Hollopeter & Post, Inc., a Florida corporation, was plaintiff and John C. Sumner and Lillie Sumner, his wife, defendants. That on March 4, 1937, the complainant filed answer to the writ of garnishment required by law which answer by reference is made a part of the bill of complaint, and on August 2, 1937, by leave of the Court first had and obtained, complainants filed a supplemental answer which is also made a part of the bill of complaint.

It is further alleged that on May 5, 1937, the complainants received through the United States mail a certain letter in which the defendant Tillman advised them that he, the said defendant, was the owner and holder from the defendants John C. Sumner and Lillie Sumner of that certain negotiable promissory note numbered 2 which is the second note hereinbefore referred to.

It is further alleged that the complainants through their attorneys advised defendant Tillman on May 12, 1937, of the service of the writ of garnishment aforesaid upon them.

It is further alleged that the complainants had been advised by attorneys at law practicing in the City of Miami that Tillman had forwarded to said attorney the said note number 2 and the mortgage for collection and that the said attorneys now have and hold the said note and mortgage for collection and foreclosure.

It is alleged that complainants have and retain in their possession money in the amount of $514.73 which they are obligated to pay to one of the defendants and for which

payment they are due to receive a discharge of all liability in regard thereto including a satisfaction and return of their note and mortgage and to be discharged from liability under the writ of garnishment.

Other allegations not essential are set forth in the bill of complaint.

To that bill of complaint was attached as an exhibit the supplemental answer of garnishee as follows:

"That subsequent to the filing of the answer of these garnishees herein in response to the writ of garnishment served upon them, the garnishee J. Martinez Saenz did receive through and by means of the United States mails a certain letter, a copy whereof is hereto attached, marked Exhibit 'A' and made a part hereof as though here set forth *in haec verba,* reference thereto being hereby expressly prayed; that the only note which could be referred to in the said letter is that certain note No. 2, bearing date the 20th day of November, 1936, evidencing an indebtedness in the amount of $514.73 and due on or before the 15th day of July, 1937, a true copy whereof is made a part of the Exhibit "B" hereto attached and made a part hereof and of the original answer herein as though here set forth *in haec verba,* reference thereto being hereby expressly prayed; that attached hereto, made a part hereof and of the original answer hereby by reference and marked Exhibit 'B' is a true copy of that certain mortgage deed referred to in the Paragraph No. 1, of the original answer of the garnishees herein and the said note No. 2 hereinabove referred to is one and the same note as that certain promissory note referred to in the paragraph No. 1 of the answer of the garnishees herein.

## II

"That these garnishees are informed and believe and upon such information and belief allege that the note No. 2 hereinabove referred to in the Paragraph No. 1 hereof was before the due date thereof and before the maturity thereof, transferred by the payees therein named to one J. E. C. Tillman; that the said note is a negotiable instrument and the same has been forwarded by the endorsee thereof to the First National Bank of Miami, Florida, for collection after the maturity of the said instrument.

## III

"That according to the terms and provisions of that said instrument, a true copy whereof is hereto attached, marked Exhibit 'B' and made a part hereof by reference and particularly the Paragraph No. VII thereof, the lien of the mortgage therein evidenced will be and become subject to foreclosure in accordance with the terms of the said instrument unless the indebtedness to be secured be paid as provided therein."

And to which was attached a prayer in the following language:

"Wherefore, these garnishees pray that this court enter its order determining the liability of these garnishees in accordance with the law in such case made and provided and that this court will, by whatsoever order it may enter, protect these garnishees against liability upon the promissory note, and mortgage aforesaid, and for interest thereon or discharge these garnishees from liability herein as garnishees from liability herein as garnishees upon the indebtedness in this and in the garnishees' supplemental answer referred to."

Thereupon, the Judge of the Civil Court of Record entered the following order:

"This cause, having come on to be heard on the motion of the garnishees for determination of their liability, and the court having heard the attorneys for the plaintiff and the attorneys for the garnishees, and being fully advised in the premises, is of the opinion that inasmuch as the answer and supplemental answer of the garnishees admit that the garnishees are jointly and severally indebted to the defendant on a certain promissory note, but that subsequent to the original answer the garnishee, J. Martinez Saenz, received a letter through the United States mail from a party other than the defendant, J. C. Sumner, stating that one J. E. C. Tillman is the holder and owner by transfer of the said promissory note without alleging definitely that said transfer has actually been made; that the said J. E. C. Tillman is a necessary party to this suit; that although provision is made in the statutes of Florida for such third person claiming the indebtedness due by the garnishee to the defendant to intervene is *bona fide* his property, there is no provision in the statutes for the bringing in of such a party as a defendant, and,'moreover, it has been made to appear to the court that the said J. E. C. Tillman is outside of the State of Florida, and is a non-resident of the State of Florida.

"IT IS THEREUPON CONSIDERED, ORDERED AND ADJUDGED, that the garnishees shall on or before the seventeenth day of September, 1937, procure the appearance in this proceeding of the said J. E. C. Tillman in the manner authorized by Section 5298, Compiled General Laws of Florida, 1927, or else institute in the proper court of Dade County, Florida, a bill for interpleader.

"DONE AND ORDERED at Chambers in Dade County, Florida, this fifteenth day of September, 1937." — which order was also attached to and made a part of the bill of complaint.

Hollopeter & Post, Inc., filed answer and counter-claim to the bill of complaint in which it was denied that the defendant Hollopeter & Post, Inc., had any knowledge of the facts alleged in the bill of complaint, except as to the making and delivery of the notes and mortgage, and it was then averred:

"VIII. In answer to paragraph VII of the bill, this defendant admits that the complainants have been unable to procure from the said Civil Court of Record in and for Dade County, Florida, a determination of their liability upon the said Writ of Garnishment under the facts revealed by their answers thereto, and that no traverse has been made of the said answers, and that complainants have made repeated efforts to the end that their liability aforesaid might be judicially determined and that on the 15th day of September, A. D. 1937, the said Court entered its order, copy of which is attacheed to the Bill as Exhibit 'F.'

"IX. In answer to paragraph IX of the Bill, this defendant admits that the complainants now have annd retain in their possession, monies to the exact amount of which this defendant is without knowledge, but believes the said monies are in a sum of not less than $514.73, which monies complainants are obligated to pay to this defendant and for which payment complainants are due to receive a discharge of all liability in regard thereto by decree of this Court, the nature of which this defendant is not now advised and this defendant admits that it claims that the said monies should be held to await the outcome of the action of this Court in this proceeding, and this defendant is without knowledge whether the defendant J. E. C. Tillman claims that the promissory note allegedly held by him should be paid by complainants and this defendant is without knowledge whether the said J. E. C. Tillman claims to be the assignee of the said mortgage and endorsee of the said

promissory note No. Two (2) under an assignment from the defendants J. C. Sumner and Lillie L. Sumner, his wife.

"X. In answer to paragraph X, this defendant admits that complainants have no interest in said money nor in the disposition thereof, except to be relieved and discharged from liability therefor, and for the payment of the said promissory note and mortgage without being subjected to a double liability."

The remainder of the answer need not be considered here.

There is then set up a claim against J. C. Sumner for commissions alleged to be due by Sumner to Hollopeter & Post, Inc., in connection with the sale of certain real estate.

On the 6th day of December, 1937, Tillman filed motion to dismiss Bill of Complaint.

On December 24, 1937, the Court entered an order denying motion for restraining order and injunction against Hollopeter & Post, Inc., as plaintiff, from proceeding in the suit pending in the Civil Court of Record hereinbefore mentioned, and denying motion to enjoin and restrain the defendant Tillman from instituting or attempting to institute any suit or other proceeding for the purpose of foreclosing or otherwise enforcing his lien evidenced by the mortgage above mentioned and described in the Bill of Complaint, or to collect the indebtedness evidenced by the promissory note above referred to, or any part thereof, the order being as follows:

"It Is Thereupon Ordered, Adjudged and Decreed by the Court, that the aforesaid Motion of the complainants for the respective injunctions against the parties defendant herein be, and the same, hereby, is denied.

"It further appearing to the Court from the allegations of the Bill of Complaint and the Exhibits thereto attached and made a part thereof, that the only property or thing

of value herein involved affected by the lien of the garnishment proceedings in that certain action at law pending in the Civil Court of Record, in and for Dade County, Florida, being case No. 17293, wherein the defendant herein, HOLLOPETER & POST, INC., is plaintiff, the defendants herein, JOHN C. SUMNER and LILLIE L. SUMNER, his wife, are defendants, and the complainants herein are garnishees, is the negotiable promissory note described in the Bill of Complaint, which said negotiable promissory note had not matured as to date of payment at the time the writ of garnishment was served upon the complainants herein, and their answer, as garnishees, was filed in the aforesaid action at law, and which said promissory note in the judgment of this court, as a matter of law, cannot be made the subject of garnishment, and it further appearing to the Court that, because of the facts hereinbefore stated, which are shown by the Bill of Complaint, that, upon proper motion, duly made, the writ of garnishment should be dissolved by the Civil Court of Record, in and for Dade County, Florida, and the complainants herein, as garnishees in said action at law, discharged, relieved and absolved from any and all manner of liability under or by virtue of the said writ of garnishment, and their answers thereto,

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the complainants' Bill of Interpleader, herein filed, together with the Answer and Counterclaim thereto, filed by the defendant HOLLOPETER & POST, INC., be, and the same are hereby dismissed, and that the parties hereto be relegated to the Civil Court of Record, in and for Dade County, Florida, for appropriate proceeding and relief in the aforesaid action at law now therein pending."

From this order appeal was taken by Hollopeter & Post, Inc.

The question presented in the appellant's brief is: "Can the Court dismiss a defendant's counter-claim in the absence of a motion to dismiss the same having been filed, and in the absence of any notice of any hearing for such purpose, and in the absence of such defendant being heard on such question?"

The allegations of the bill of interpleader showed that note No. 2 had not matured at the time garnishment was served and that the makers had notice that the note, together with the mortgage securing the same, had been endorsed, transferred and assigned to Tillman. Therefore, the complainants, J. Martinez Saenz and Louisa Fernandez de Martinez Saenz, his wife, were not indebted to John C. Sumner and Lillie L. Sumner, his wife, at the time the garnishment was served, nor at any time thereafter.

In Hout, Kelly & Co. v. Ely, Candee & Wilder, 17 Fla. 775, it was held:

"The maker of a negotiable note should not be charged as garnishee of the payee while such note is current unless it appears that the garnishee has it in his own possession and under his own control."

This rule has never been changed in this jurisdiction. In the present case, the whole record shows that at the time the garnishment was served the note was current; that it was negotiable, and furthermore, that it was no longer held by or constituted the evidence of indebtedness to the defendant-debtor in the suit in which garnishment was issued.

It, therefore, follows that the order of the Court dismissing the bill of interpleader was without error and the dismissing of that bill carried with it the proper dismissal of the answer and counterclaim of the plaintiff in the garnishment action.

288

So, the judgment should be affirmed and it is so ordered. Affirmed.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.