SANDFORD LAUNDRY, INC., Respondent, *v.* LOUIS SIMON, as Treasurer of Laundry Workers Joint Board of Greater New York, et al., Appellants.

Argued February 25, 1941; decided May 29, 1941.

*Merwin D. Maier* and *Jess G. Schiffmann* for appellants.

*Richard H. Levet* and *Ray W. Aylesworth* for respondent.

LEHMAN, Ch. J. The plaintiff operates a steam laundry in Westchester county. In February, 1938, the Inter-Borough Laundry Board of Trade, Inc., together with the plaintiff and other members of the Board of Trade, signed a contract with United Laundry Workers Union Local 300 of the Amalgamated Clothing Workers of America whereby the plaintiff and the other members of the Board of Trade, collectively referred to in the contract as the employer, recognized " the Union as the exclusive bargaining agent for all of its employees " and agreed to " employ none but members in good standing of the Union." The agreement defined the conditions of employment including wages and hours and, in general, the rights and obligations of employers and employees. By its terms the contract was to continue " until the 31st day of October, 1939, on which date this agreement and the terms thereof shall be automatically renewed from year to year thereafter unless sixty (60) days prior to the expiration of this Agreement * * * notice in writing * * * is given by either party to the other * * * of an intention to terminate the same."

Differences and disputes between the parties arose while the contract was in force. The contract provided for the submission of all matters in dispute to arbitration. In proceedings instituted in the Supreme Court, pursuant to the provisions of section 1452 of the Civil Practice Act, an order was made in March, 1939, appointing Max J. Schneider as arbitrator and directing that the arbitration of the disputes proceed before him as provided in the contract. Hearings began on July 6th and were finished on August 11, 1939. On October 27, 1939, the arbitrator signed and published an award, but did not acknowledge it.

The award states in substance that the arbitrator found that the plaintiff as employer had not complied with the provisions of the agreement for a union shop, but had attempted to break down and destroy the union; and the employer was required by the award to reinstate, with

one exception, " all employees who went on strike." The arbitrator in the award found also that " * * * acts of the employees of Sandford Laundry, Inc. in going on strike without first attempting to arbitrate under the collective agreement between the parties hereto dated the 18th day of February, 1938, was in violation of the terms of said agreement and that said employees refused to return to work even after being advised to do so by the president of their union. That by reason thereof, Sandford Laundry, Inc. has been damaged in the sum of $2,400.00 which sum should be paid to it by Laundry Workers Joint Board of Greater New York."

After the hearings were closed the plaintiff gave notice to the union that it intended to terminate the contract on October 31, 1939. In accordance with its terms the contract thus came to an end four days after the award was published. The provisions of the award requiring the reinstatement of striking employees could, for that reason, have no substantial force or effect. The arbitrator had not been informed before making his award that notice of intention to terminate had been served. He believed that he was making an award partly in favor of each of the disputants; he refused to acknowledge the award when informed that the employer was no longer under any contractual obligation to maintain a union shop and that the provision of the award that the employer should reinstate union members who went on strike was little more than an empty gesture.

The Arbitration Law (L. 1920, ch. 275) was repealed by chapter 341 of the Laws of 1937 and its provisions, so far as relevant to the questions presented upon this appeal, were incorporated in article 84 of the Civil Practice Act by the same statute. To entitle an award to be enforced as prescribed in that article the award must be " acknowledged or proved, and certified, in like manner as a deed to be recorded." (§ 1460.) Subscription by the arbitrator making an award in writing is not sufficient. No motion to confirm an award which is not so acknowledged or proved and certified can be entertained (§ 1461), and judgment

on an award cannot be entered in accordance with the statute until an order has been granted confirming or, in proper case, modifying or correcting an award. (§ 1464.)

The union, claiming that the award is the result of mistake and does not accord with the real intention of the arbitrator, moved to send the proceedings back to the arbitrator for clarification or amendment of the award. The employer made a counter-motion to compel the arbitrator to acknowledge the written award he had subscribed and published. The justice at Special Term denied both motions. The decision was affirmed without opinion by the Appellate Division. (*Matter of Sandford Laundry, Inc.*, v. *Simon*, 259 App. Div. 995.) No appeal from that decision was taken to this court. Right or wrong, it marked the end of statutory proceedings to enforce the award and concededly it is not subject to review upon this appeal.

Article 84 of the Civil Practice Act provides in section 1460 that to entitle an award to be enforced " *as prescribed in this article*," it must be acknowledged, but it also provides in section 1469 that " This article does not affect any right of action in affirmance, disaffirmance, or for the modification of a submission *or contract*, made either as prescribed in this article or otherwise, or upon an instrument collateral thereto, or upon an award made or purporting to be made in pursuance thereof. And, except as otherwise expressly prescribed therein, this article does not affect a submission or contract, made otherwise than as prescribed therein, or any proceedings taken pursuant to such a submission *or contract*, or any instrument collateral thereto."

The Civil Practice Act, embodying the provisions of the Arbitration Law, provides a convenient method to enforce an award by motion, but a party to an arbitration may, if he chooses, elect to pursue the other party by an action for a judgment based upon the award. The provisions of section 1469 are derived from an older statute and this court has held that the intent of the Legislature in enacting such statute was to preserve the right to resort to an action

for enforcement of an award made pursuant to a submission or contract though where the arbitral proceedings and the award conform to the statutory requirements, the statute provides a more summary method of enforcement. (*Burnside* v. *Whitney*, 21 N. Y. 148.) In this case the plaintiff, defeated in its attempt to enforce the award in statutory proceeding, has now brought this action to obtain a judgment based on the award. A motion for summary judgment, made by the plaintiff, was granted by the court at Special Term and affirmed by the Appellate Division by a divided court.

Doubtless an award made pursuant to a submission or contract " made otherwise than as prescribed " in the statute is valid and enforceable in the same manner as if no arbitration statute has been enacted. Doubtless, too, a right of action upon an arbitration award made pursuant to a submission or contract made as prescribed in the statute " or otherwise " continues to exist though a new statutory method of enforcement of such an award has been created. So the statute provides in unambiguous language and so the courts have held. Where, however, such a cause of action is asserted a plaintiff must show that the award which the plaintiff seeks to enforce by action has in fact been made in accordance with the terms and conditions of the submission or contract of the parties and that the parties, in such submission or contract, agreed expressly or impliedly that an award so made should be enforced in accordance with the statute *or otherwise.* The courts will enforce through action or, in appropriate cases, by statutory proceedings, agreements for arbitration; they do not make or change such agreements.

In jurisdictions outside the State of New York where there are statutory provisions for the enforcement of awards made as prescribed in the statute, the weight of authority is that " if an award or the arbitral proceedings in which it was rendered are not sufficient to satisfy the statute so that the award may be enforced by statutory method, it should not be enforced by applying standards other than

those prescribed in the statute, although the standards which have been followed would satisfy common law rules." (Sturges on Commercial Arbitration and Awards, § 5, and cases there cited.) The author points out that enforcement of an invalid statutory award by action, where the parties have agreed only that there should be statutory arbitration, would be, in effect, to " make a new and different contract for the parties; the defendant would be deprived of the benefits of the statute which the parties invoked."

That assumes, however, that the submission or contract of the parties was intended to authorize only arbitral proceedings and an award, which satisfy the statute, so that the parties can obtain the benefits of the statute which they have invoked. Construction of the agreement of the parties must in each case precede determination of the rights of the parties conferred by the agreement. Contracts for arbitration have, in general, been construed as agreements solely for statutory arbitration in jurisdictions where the statute contains no provisions analogous to section 1469 of the Civil Practice Act. A contract for arbitration in this State must be read in the light of that section. The parties must be deemed to intend that an award not enforceable in accordance with the statutory method is enforceable by action where the contract does not provide expressly or by implication that arbitral proceedings must be conducted and the award made as prescribed by the statute so that the parties may obtain the benefits of the statute. (Cf. *Darling* v. *Darling*, 16 Wis. 644.)

The contract here provides that " any and all decisions, awards, findings or directions of the Impartial Chairman shall be rendered in writing, as well as his oath *as prescribed by the Arbitration Law of the State of New York.* In amplification of any and all rights which the Impartial Chairman may have pursuant to this Agreement or by operation of law, it is agreed that in the event of any breach of this contract or of any of the terms hereof by any of the parties hereto, or in the event of any threatened breach hereof or any of the terms hereof by the parties hereto, said Impartial

Chairman may as his decision, award, finding or direction issue any and all mandatory directions, prohibitions or orders directed to or against any party breaching this contract or threatening to breach the same or any part thereof, and in such event *any party in whose favor such award, direction, prohibition or order shall have been made by the Impartial Chairman may thereupon apply to the Supreme Court of the State of New York for the confirmation of such award, direction, prohibition or order and for the enforcement thereof with the same force and effect and in the same manner and pursuant to the same proceedings and construction thereof as if such award, direction, prohibition or order were made in an arbitration proceeding pursuant to the Arbitration Laws of the State of New York.*" In unambiguous language the parties have there indicated that the arbitration must be so conducted that they may obtain the benefit of the statute which they have invoked.

The arbitrator may be guilty of misconduct in refusing to acknowledge the award he made. We do not now consider whether there is any remedy available to a party aggrieved by such refusal. As we have said, the only question before us is whether an award which does not satisfy the statutory requirements may be enforced by action. It cannot be so enforced unless the courts disregard the plain intention of the parties that any award made by the arbitrator shall be enforceable by statutory proceedings.

The statute is intended to provide a method by which controversies may be determined speedily and without the technicalities which at times may be invoked to hinder the administration of justice. That is the benefit which those who invoke the statute expect to obtain. Sometimes the expected benefit must be weighed against possible detriment flowing from arbitration.

Where parties stipulate for the benefit offered by the statute, they may not, against their will, be bound by an award insufficient to carry with it the stipulated benefit. The purpose of the statute and the intention of the parties

is carried out when the courts deny force to an award which does not comply with the statutory requirements and with the provisions of the contract that any award shall be enforceable by the statutory proceeding.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.