In the Matter of the Arbitration between R. B. GANTT, Doing Business under the Name of SOUTHLAND SUPPLY COMPANY, Petitioner, and FELIPE Y. CARLOS HURTADO & CIA., LTDA., Respondent.

Supreme Court, Special Term, New York County, March 27, 1947.

238

*Edward Jerome* and *Horace A. Teass* for petitioner.

*Walter M. Hinkle* and *William De Lamater* for respondent.

CHURCH, J. This is a special proceeding brought pursuant to the provisions of section 1458 of the Civil Practice Act to restrain permanently an arbitration proceeding instituted by the respondent. An order was heretofore made by this court on December 9, 1946, staying the arbitration pending a trial by jury of the issues whether or not the contracts alleged by the respondent were duly and validly made and whether the contracts are validly binding on the petitioner. Subsequently, on January 13, 1947, an order to show cause was obtained for a permanent restraining order.

The basis of the present application is that the general statutes of the State of North Carolina where the contract in question was executed and where the petitioner resides provide only for an agreement to arbitrate a controversy existing between the parties at the time the agreement is made. There appears to be no statute which permits an agreement in advance to arbitrate disputes arising in the future. The case law of North Carolina is cited by the petitioner as holding that parties

may not in advance stipulate against a resort to the courts for a remedy; in other words, the parties may not agree in advance to arbitrate future disputes.

The contract with which this litigation concerns itself contains the following paragraph: " 6. Any controversy or claims arising out of or relating to this contract or the breach thereof shall be settled by arbitration in accordance with the rules of the Inter-American Commercial Arbitration Commission. This agreement shall be enforceable and judgment upon any award rendered by the arbitrators or a majority of them may be entered in any court having jurisdiction. The arbitration shall be held in New York, N. Y."

Article 84 of the Civil Practice Act which governs arbitration (§ 1448) in New York, provides: " Except as otherwise prescribed in this section, two or more persons may submit to the arbitration of one or more arbitrators any controversy existing between them at the time of the submission, which may be the subject of an action, or they may contract to settle by arbitration a controversy thereafter arising between them and such submission or contract shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. * * * "

By chapter 423 of the Laws of 1944, section 1450 of the Civil Practice Act was amended as follows: " The making of a contract or submission for arbitration described in section fourteen hundred forty-eight hereof, providing for arbitration in this state, shall be deemed a consent of the parties thereto to the jurisdiction of the supreme court of this state to enforce such contract or submission * * *."

It thus appears that the language of the contract conforms exactly to the wording of the above section as amended. The contract states: " The arbitration shall be held in New York, N. Y."

The attorneys for the respective parties agree that their study of the question disclosed no case involving the precise facts presented by the situation which is now before the court.

The parties to a contract may confer jurisdiction by consent (*Matter of Heyman, Inc., v. Cole Company*, 242 App. Div. 362; *Gilbert* v. *Burnstine*, 255 N. Y. 348; *Matter of Galban Lobo Co.* [*Haytian Am. Sugar Co.*], 271 App. Div. 310). In the case last cited it was held (p. 312) that " An agreement to arbitrate in New York State questions arising under written contracts implies a consent without reservation to carry out such

an arbitration here, and to submit to the procedure whereby the New York Arbitration Law is enforced." In that case, the contracts, though negotiated in New York and signed by the petitioner in New York, were formally executed by the respondent's predecessor in Haiti.

In the case of *Pohlers* v. *Exeter Manufacturing Co.* (293 N. Y. 274) Chief Judge LEHMAN, writing for the Court of Appeals, refusing to vacate the service of process upon a foreign corporation in an action brought in the City Court of the City of New York, where service was made upon the Secretary of State in Albany whom the defendant had designated as its agent for service of process in order to obtain authority to do business here, points out (pp. 279-280): " Ordinarily a court can acquire jurisdiction of the person of a defendant only by service of process within the jurisdiction of the court, but that rule does not apply where the defendant ' has agreed in advance to accept, or does in fact accept, some other form of service as sufficient ' (*Wilson* v. *Seligman,* 144 U. S. 41, 44; cited in *Gilbert* v. *Burnstine,* 255 N .Y. 348). That is true, we there held, where a resident of New York has agreed in advance to accept service in New York of notice of an arbitration in England pursuant to the provisions of the Arbitration Act of 1889 (52 and 53 Victoria, ch. 49). It is no less true where a resident of another state agrees in advance to accept service of process outside of the territorial limits of a New York court."

In the present case, for the purposes of this proceeding the petitioner does not raise any question as to the language of the clause providing for arbitration but reasserts the claim previously made that the agent who is claimed to have signed the contract on behalf of the petitioner here had no authority in writing to sign such a document. The order signed by me under the date of December 9, 1946, restrained the arbitration pending the trial by a jury of the question whether or not the contracts alleged by the respondent here were duly and validly made and whether said contracts are validly binding on the petitioner. The contention of lack of proper authority on the part of the agent is not presented for decision by this motion.

The cases of *Pennoyer* v. *Neff* (95 U. S. 714) and *Matter of Red Line Commercial Co. (Pastene Co.)* (269 App. Div. 632) are not controlling on the question here presented. The line of authority of which these cases are typical refers to the impotency of process outside of the territorial limits of the

issuing tribunal. The present motion does not concern the validity or efficacy of process.

The rules stated by the Supreme Court of the United States in *Bradford Elec. Co.* v. *Clapper* (286 U. S. 145) and *Broderick* v. *Rosner* (294 U. S. 629) do not contain the solution of the problem with which we are confronted in this proceeding. In the earlier case it was decided that the projected defense was valid on the grounds that the courts of one State are not permitted to refuse to give effect to a substantive defense under the applicable law of another State, and in the latter case a State is forbidden to deny the enforcement of claims otherwise within the protection of the full-faith and credit clause of the Constitution of these United States when its courts have general jurisdiction of the subject matter and the parties.

We are not dealing here with the enforcement of petitioner's substantive rights nor does the withholding of the injunction subject the petitioner to " irremediable liability ".

Whatever relates merely to the remedy and constitutes part of the procedure is determined by the law of the forum (*Franklin Sugar Refining Co.* v. *Lipowicz*, 247 N. Y. 465).

Discussing a contract, made in Boston, Massachusetts, containing an arbitration clause, where the New York court had appointed the third arbitrator, Chief Judge CARDOZO in *Matter of Marchant* v. *Mead-Morrison M. Co.* (252 N. Y. 284, 294) points out that the statute of New York to the effect that a third arbitrator or an umpire may be designated by the court is binding in respect of contracts made in our State or " in contemplation of our laws." He says: " The law of the forum tells us whether the breach of an agreement shall be specific performance or damages. The law of the place of contract defines the content of the agreement upon which the remedy shall operate."

It is pointed out by the Court of Appeals in the *Marchant* case (*supra,* p. 293) that " At common law, general contracts of arbitration, though not specifically enforcible, were not held to be illegal " and that " The statute of New York does not bring the contract into being, but adds a new implement, the remedy of specific performance, for its more effectual enforcement." Then follows the following indicative and persuasive language: " This remedy may lawfully be extended to contracts * * * made in Massachusetts and there to be performed, unless it is one of the terms of the arbitration clause * * * that the arbitration shall proceed in a particular locality."

In *Matter of Berkowitz* v. *Arbib & Houlberg* (230 N. Y. 261) the rule is stated in the following language: "The common-law limitation upon the enforcement of promises to arbitrate is part of the law of remedies (citing cases). The rule to be applied is the rule of the forum. Both in this court and elsewhere, the law has been so declared. Arbitration is a form of procedure whereby differences may be settled. It is not a definition of the rights and wrongs out of which differences grow."

The present contract did not provide for an arbitration of future disputes in the State of North Carolina or pursuant to its statutes. The contracting parties, probably in order to obtain apparent advantages under the proposed contract, voluntarily agreed to arbitrate under the New York arbitration statute. Such an agreement implies a consent "without reservation" to carry out such arbitration here. (*Matter of Galban Lobo Co.* [*Haytian Am. Sugar Co.*], 271 App. Div. 310, 312, *supra.*)

The motion for a permanent injunction restraining the arbitration is accordingly denied.