502

### E. A. BROMUND CO. v. EXPORTADORA AFFONSO DE ALBURQUERQUE, LTDA.

United States District Court
S. D. New York.
March 3, 1953.

Thomas F. Meehan, New York City, for plaintiff.

Martin Evans, New York City, for defendant.

McGOHEY, District Judge.

The defendant moves to vacate a warrant of attachment secured by plaintiff in the New York Supreme Court prior to the removal of the cause to this court. Plaintiff relied, in applying for the warrant, on a cause of action based upon an arbitration award made on October 19, 1951. He could not do otherwise because the original cause of action merged into and was substituted by the award.[1] The warrant was issued October 10, 1952. The award was not confirmed until January 30, 1953. Defendant contends that until the award was confirmed no cause of action existed to support a warrant of attachment.[2]

An arbitration award may be enforced by an action if the parties did not, expressly or impliedly, agree that the arbitration statute is to be the sole recourse of the parties.[3] Whether a cause of action exists despite the non-confirmation of the-

---

1. N. Y. Lumber & Wood-Working Co. v. Schneider, 119 N.Y. 475, 24 N.E. 4.

2. N.Y.Civ.Prac.Act, § 903.

3. N.Y.Civ.Prac.Act, § 1469; Sandford Laundry v. Simon, 285 N.Y. 488, 493, 35 N.E.2d 182.

award depends on the intention of the parties as expressed in the contract.[4] And where the contract does not provide that arbitral proceedings must be conducted solely in accordance with the New York Arbitration Act, the parties must be deemed to intend that an award not enforceable by motion because of lack of confirmation will be enforceable by an action on the award,[5] as the plaintiff has done here. The contract here provides:

"Any controversy * * * arising out of or relating to this contract shall be settled by arbitration in accordance with the rules, then obtaining, of the Inter-American Commercial Arbitration Commission. This agreement shall be enforceable and judgment upon any award rendered by all or a majority of the arbitrators may be entered in any court having jurisdiction. The arbitration shall be held in New York."

This language clearly does not provide, either expressly or by implication, that the statutory arbitration laws are the sole recourse of the parties. In re Gantt,[6] cited by defendant, holds only that such a provision implies consent to carry out the aribitration in New York and gives New York jurisdiction over a foreign corporation. Nor do the rules of the Inter-American Commercial Arbitration Commission indicate that the parties intended that recourse to the statute should be the sole means of enforcing the award. On the contrary, those rules are purposely flexible to admit of enforcing an award either under statutes or by action. In the Sandford case,[7] the parties clearly indicated their intent that the New York Arbitration Act was to be the sole means of enforcing the award. The other cases cited by defendant are distinguishable.

Motion denied.

Settle order.

4. Sandford Laundry v. Simon, supra, 285 N.Y. at page 493, 35 N.E.2d 182.

5. 285 N.Y. at page 494, 35 N.E.2d 182.