PER CURIAM.
The appellants were the plaintiffs and the appellees were the defendants and counter-claimants in an action of interpleader arising out of a dispute over who was entitled to a real estate broker’s commission on the sale of property belonging to the appellants.
The trial judge granted the motion of defendant, Leslie J. Mangus, to dismiss plaintiffs’ complaint on the ground that “the issues in the cause do not include one for interpleader”. The court also entered a default judgment for the defendant, Mangus, in the sum of $35,000.00 on his counterclaim against the plaintiffs. The defendants, Scot Salzer and Ratner Realty Corporation having filed a pleading which they designated as an answer moved the court for an order construing their answer to be a counterclaim. This motion was granted.
Thereafter, plaintiffs moved the court for an order dismissing their interpleader complaint and the counter-claim of defendants, Salzer and Ratner, against them. The motion to dismiss was granted as to the complaint and denied as to the counterclaim.
Plaintiffs have appealed the order denying their motion to dismiss the aforementioned counter-claim. Their sole contention being that the court erred in attempting to adjudicate any rights the defendants, Salzer and Ratner might have against the plaintiffs after having dismissed plaintiffs inter-pleader suit.
We agree with appellants’- contention and reverse the order appealed. Having determined that interpleader did not lie, the court had no authority to then consider the counter-claim. Drummond Title Company v. Weinroth, Fla.1955, 77 So.2d 606; Hollopeter and Post v. Saenz, 133 Fla. 279, 182 So. 906 (1938); Pan American Surety Company v. Cooke, Fla.App.1961, 130 So.2d 290. Therefore, the order appealed is reversed without prejudice to the rights of the defendants, Salzer and Ratner Realty Corp., to pursue such other remedies to which they may be entitled under the law.
Reversed.