WALDEN, Judge
(dissenting).
The critical omission in the majority opinion to follow two Florida cases which unequivocally dictate a reversal with directions to dismiss defendant’s counterclaims, causes me to respectfully record this dissent.
The appellate point is:
“If the interpleader action was proper, Medaris’ counterclaim should have been stricken; or if the interpleader action was improper the cause should have been dismissed without adjudicating any rights.” (Italics supplied.)
As concerns the first part of the point, I agree that under present practice Medaris’ counterclaim should have been allowed provided the interpleader action zvas proper. However, I respectfully maintain that when the trial court dismissed the original interpleader action it had no alternative but to also dismiss the counterclaims without prejudice. It is this portion of the point that is important with this view and result being reflected in these cases. Pan American Surety Company v. Cooke, Fla.App.1961, 130 So.2d 290; Aquilina v. Mangus, Fla.App.1969, 223 So.2d 786.
The trial court ruled that the plaintiff Trak (here the appellant) “has shown no right to any relief under its Bill of Inter-pleader.” It was further ordered “That the Bill of Interpleader of the Plaintiff, TRAK MICROWAVE CORPORATION, is hereby dismissed.” Regardless of this ruling and the resulting posture of the case, the trial court proceeded to adjudicate the merits of the counterclaims filed by the defendants. As concerns this appeal judgment was entered against the plaintiff and in favor of the defendant, Medaris, upon Medaris’ counterclaim.
Having decided that interpleader did not lie, it was incumbent upon the trial court to thereupon refuse to adjudicate the merits of the counterclaims and to dismiss the action without prejudice to the rights of the defendants to file such independent actions as they might be advised. Accordingly, it was error for the trial court to consider the counterclaims and the judgments thereon should be voided.
It was held in the Pan American Surety Company case, supra, that “having determined that interpleader did not lie, the court had no authority to then adjudicate the rights of th,e parties.” To like effect was the holding in the Aquilina case, supra, where it was said, “having determined that interpleader did not lie, the court had no authority to then consider the counterclaim.” These cases reflect clear authority which cannot be meaningfully distin *195 guished and no Florida case, statute, or rule contrary to them has been found.
It cannot be doubted that many of the historical strictures upon interpleader have been abolished upon the adoption of the present Rule 1.240, F.R.C.P., which rule is almost identical with Paragraph 1 of Federal Rule 22. Many of the requirements which formerly surrounded strict inter-pleader and bills in the nature of inter-pleader have been abolished upon the modernization of the rule. See 3A J. Moore, Federal Practice § 22.11 (2d ed. 1969). For instance, counterclaims and cross-claims may be entertained in an inter-pleader action. 3A J. Moore, Federal Practice § 22. 15 (2d ed.1969). However, the form of action with its unique features still lives as attested by the existence of Rule 1.240, F.R.C.P., and it serves a noteworthy purpose for persons faced with conflicting claims. If it were not so, then it is supposed that the rule would have been abolished and the parties left to some unbounded conglomerate such as a suit for a declaratory decree.
Ordinarily interpleader is conducted in two stages. In the first the court hears evidence to determine whether the plaintiff is entitled to interplead the defendants. In the second stage a determination is made on the merits of the adverse claims and, if appropriate, on the rights of an interested stakeholder, 3A J. Moore, Federal Practice § 22.14 (2d ed. 1969).
At first blush it might well be thought that this is merely a technical distinction without a basis in reason. However, upon reflection, important considerations of jurisdiction, venue and process manifest themselves. For a discussion of problems in this area, see 3A J. Moore, Federal Practice §§ 22.04(2) and 22.15. A frivolous or unfounded action of interpleader could force multiple defendants into court to file compulsory counterclaims and cross-claims in places and forums inconvenient and prejudicial to them and contrary to their legal entitlement. Further, a plaintiff might in good faith file an inter-pleader action outside his home county or state in order to obtain service of process upon defendants. If the court determined that he was not entitled to interpleader, plaintiff could be, according to decision here appealed, left to defend against independent counterclaims in inconvenient foreign places.
In sum, this writer suggests that although interpleader practice has been liberalized, the theory of interpleader still contains special features outlined in Rule 1.-240, supra. I would approve the judgment which determined that interpleader was improper; would reverse the judgment entered upon the counterclaims; and remand with directions to dismiss the action in toto without prejudice to the rights of the defendants to pursue such other remedies to which they may be entitled under the law.