COWART, Judge.
The question presented by this appeal is whether, and under what circumstances, one who holds a judgment against the holder of a negotiable note may receive payment of the note by the maker through garnishment.
Garnishment is available to subject any debt due to a judgment debtor by a third person to the claims of the judgment creditor. § 77.01, Fla.Stat. (1979). Since the maker of a negotiable note is liable to satisfy the note, when due, to the holder of the note, the maker should logically be subject to satisfy the note to a judgment creditor of the holder under the authority of a writ of garnishment. This is so because the garnishor, in enforcing through garnishment a debt due to the debtor, steps into the shoes of the debtor and may assert all the debtor’s rights against the garnishee,[1] and because a maker is justified in paying the note to an agent of the holder where *194 the agent’s authority to receive payment is apparent.[2]
The appellee contends that the rule in Florida is as stated in Huot, Kelly & Co. v. Ely, Candee & Wilder, 17 Fla. 775 (1880), and quoted in Universal G. I. T. Credit Corp. v. Broward Nat’l Bank of Fort Lauderdale, 144 So.2d 844 (Fla.2d DCA 1962), and Hollopeter & Post, Inc. v. Saenz, 133 Fla. 279, 182 So. 906 (1938):
The maker of a negotiable note should not be charged as garnishee of the payee while such note is still current, unless the garnishee has it in his possession or under his control.... ‘The reason of this rule is founded upon the negotiable quality of such note. If the trustee could be charged in such a case, then it might happen that either a bona fide purchaser of the note must lose the amount of it, or the maker, without any fault on his part, be compelled to pay it twice. To avoid such a dilemma the rule was established.’
This statement was unnecessary to the holdings of all three cases, since, in each case, before service of the writ of garnishment a negotiable instrument had been negotiated to a third party and was not in the possession of the judgment debtor; there was therefore no debt due under the instrument to the judgment debtor which could be garnished. Furthermore, the statement is not correct in all instances.
Where a single payment note is mature, or where maturity on one or more payments has been reached before service of the answer to the writ of garnishment, the garnishor can establish that the judgment debtor is the holder of the note at the time, requiring the garnishee to pay the note to the garnishor cannot subject the garnishee to liability to a holder in due course to whom the judgment debtor subsequently negotiates the note because, as to overdue payments, there can be no holder in due course. § 673.302(l)(c), Fla.Stat. (1979).
The instant case involves a note requiring monthly payments; the trial judge dissolved the writ of garnishment seeking to require payment of this note to the appellant-garnishor on the ground that payments under a note cannot be garnished as a matter of law. The order dissolving the writ is reversed and the cause is remanded; upon remand, the trial judge should subject any monthly payments currently due or past due to garnishment, upon a showing by the garnishor that the judgment debtor still is holder of the note.
REVERSED AND REMANDED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. Coyle v. Pan American Bank of Miami, 377 So.2d 213 (Fla.3d DCA 1979); Reeves v. Don L. Tullís & Assoc., Inc., 305 So.2d 813 (Fla. 1st DCA 1975).

. See R. Anderson, Anderson on the Uniform Commercial Code, § 3-603:14 (2d Ed. 1971); Caballero v. Wilkinson, 367 So.2d 349 (La.1979).