STONE, J.
In a case of first impression, Capital Factors, Inc. (CFI or judgment creditor) appeals a final judgment on writs of gar *1181 nishment served on Avalon Global Group, Inc., formerly known as Payless Car Rental System, Inc. (Avalon or garnishee). CFI sought to collect on a judgment it had won against Aba Rent-A-Car, Inc. (Aba, Aba/Olivieri, or judgment debtor/s) and M. Olivieri, Aba’s guarantor, in an unrelated lawsuit.
The trial court found that the arbitration award was not subject to garnishment because it was not confirmed. The essential issue on appeal is whether an unconfirmed arbitration award qualifies as a debt due subject to garnishment pursuant to section 77.01, Florida Statutes. The judgment debtors also argued that the award was held in a tenancy by the entireties, and therefore, beyond the reach of garnishment. We reverse.
Initially, Aba sued Payless and Avalon, alleging, inter alia, breach of two franchise agreements, violation of the Florida Unfair and Deceptive Trade Practices Act (FUDTPA), and breach of contract. The complaint named only Aba as plaintiff. The franchise agreements, between Pay-less and Aba, contained a provision for arbitration. The trial court granted Avalon’s motion to compel arbitration. M. Oli-vieri and his wife, S. Olivieri, were also joined as parties to the arbitration.
The arbitration hearing was not transcribed. In the arbitrator’s ten page award, he details the events leading to the breakdown in'business communications between the parties and the evidence and reasoning used in figuring damages.[1] The award was granted in full resolution of all claims and counterclaims. Notably, Aba was awarded $750,000.00 for prevailing on its FUDTPA claim and $4,111,700.00 for its breach of contract claim, along with other damages. The award was entered June 16, 2005.
Aba, the appellant’s judgment debtor, moved to confirm the award within weeks. In the body of the motion, Aba’s counsel noted the binding nature of the arbitration and the statutory language of section. 684.24, Florida Statutes, to wit, that a party may apply for confirmation of an arbitration award, and the trial court shall confirm with limited exception. Further, quoting the statute, counsel noted the final nature of an award.
Avalon filed a motion before the arbitrator to modify or correct the award, claiming the arbitrator had miscalculated damages. The arbitrator denied the motion in an order entered August 20, 2005, in which he stated that the motion raised arguments not raised at hearing, the damages were not miscalculated, were not double recovery and, when asked, Avalon had not argued that the franchise agreement limited damages.
Avalon then moved to vacate the award in circuit court in mid-September. The application asserts that the award is infirm, alleging the arbitrator exceeded his authority and miscalculated damages. The hearing on both Aba’s motion to confirm and Avalon’s application to vacate or modify the award took place on October 17, 2005. CFI’s attorney attended, representing CFI’s interests as proposed inter-venors.
The trial court strongly suggested that Aba and Avalon make an effort to resolve their issues in mediation. When judgment creditor/CFI explained its concerns about getting paid, the trial court suggested pursuing garnishment. Three days later, on *1182 October 20, CFI did just that, moving the court to issue writs of garnishment on both Payless and Avalon, regarding indebtedness to both Alba and M. Olivieri. Both Avalon and Payless filed answers within the mandated twenty days; Avalon’s admitted to the arbitrator’s award, but claimed that because there was, as yet, no trial court order on the motions to confirm/vacate, the award did not represent indebtedness to Alba and/or M. Olivi-eri. That issue is at the heart of the instant appeal. CFI served identical writs on December 8. Avalon/Payless served their answers to this second set of writs on December 9. CFI served Alba and the Olivieris with timely certificates of service of Payless and Avalon’s answers, in conjunction with notices of right to dissolve writs for both.
In the arbitration case, Avalon, Alba, and the Olivieris entered into a settlement agreement on December 16, within a week of service of the second set of garnishment papers. Avalon agreed to pay Alba/Oliver-is $1,250,000 within thirty days of execution, and $300,000 each year from 2006 through 2013 in equal semi-annual payments on specified dates, with no accrual of interest. This equates to a total payout to the judgment debtors of $3,650,000.
Paragraph E of the settlement agreement states that if Avalon defaults, the full amount of the arbitration award, less the amount of all payments rendered under the settlement, would become due. The parties to the settlement then withdrew the pending motions before the trial court to correct/modify and motion to confirm. Neither Alba nor the Olivieris moved to dissolve the CFI garnishment within the statutorily prescribed timeframe of twenty days.[2] Instead, they waited until March 13, 2006, to file their motion and attendant affidavits.
We conclude that the arbitration award did not require judicial confirmation to be collectible. Avalon, as garnishee, is answerable for its debt to Alba/Olivieri established prior to its answer to the garnishment. See generally Chaachou v. Kulhanjian, 104 So.2d 23, 24 (Fla.1958). Even indebtedness that may become due by the lapse of time is garnishable, as long as it is due absolutely. W. Fla. Grocery Co. v. Teutonia Fire Ins. Co., 74 Fla. 220, 77 So. 209, 211 (1917).
Florida looks favorably upon agreements to arbitrate. Knight v. H.S. Equities, Inc., 280 So.2d 456, 459 (Fla. 4th DCA 1973). “Ordinarily, a decision by arbitrators is as binding and conclusive ... as the judgment of a court.” Am. Renaissance Lines, Inc. v. Saxis Steamship Co., 502 F.2d 674, 678 (C.A.N.Y.1974).
The arbitrator’s award represents a liquidated amount due to Alba/Oli-vieri from Avalon. The award, on its face, was final. Regardless of whether Avalon liked the outcome of the arbitration, it was required to abide by it. The instant award expressly stated that it was in full resolution of all claims and counterclaims submitted. It addressed the issues in depth, leaving no question as to the source of the damages awarded. Furthermore, the provision Avalon enforced in compelling arbitration specifically said that disputes would be resolved in binding arbitration and without the necessity of further litigation. “The binding effect of the arbitration clause does not turn on whether Defendants [Alba/Olivieri] have judicially enforced the award; rather,, the arbitration award becomes final once the arbitrator *1183 releases his findings.” Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 300 F.Supp.2d 1281, 1286 (S.D.Fla.2004) (emphasis in original). “An award must finally determine the matter submitted, leaving nothing to be done but to execute and carry out its terms.... It is a final adjudication by a court of the parties’ own choice, and is entitled to the respect due to the judgment of a court of last resort.” Carter v. State Farm Mut. Auto. Ins. Co., 224 So.2d 802, 806 (Fla. 1st DCA 1969) (quotation omitted).
 The contracts in this case do not state that confirmation is necessary for finality, and confirmation is not mandatory to validate an award’s finality. Frequently, parties to an arbitration do not seek court confirmation; rather, confirmation is sought when a prevailing party fears the losing party will not honor the award. Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir.1984). “The award need not actually be confirmed by a court to be valid. An unconfirmed award is a contract right that may be used as the basis for a cause of action.” Id.
Confirmation merely transforms the arbitral award into a judgment of the court; however, nothing in the garnishment statute mandates transformation of an outstanding debt to a judgment in order to be garnishable. § 77.01, Fla. Stat. At the times the two sets of garnishment writs were served on Avalon, Avalon owed the award to Alba/Olivieri contractually, and, at all times, the amounts that Avalon owed to Alba/Olivieris more than covered CFI’s judgment against Alba/Olivieri. We note that the Federal Arbitration Act (FAA) presumes that arbitration awards will be confirmed. Lifecare Int’l, Inc. v. CD Med., Inc., 68 F.3d 429, 433 (11th Cir.1995). Further, another federal court, in E.A. Bromund Co. v. Exportadora Affonso de Alburquerque, LTDA, 110 F.Supp. 502, 502-03 (S.D.N.Y.1953), held that an unconfirmed arbitration award was attachable, concluding that the availability of a cause of action, such as garnishment, depended upon the intention of the parties as expressed in their contract.
That Avalon moved to correct or modify the award did not affect the finality of the award. First, the arbitrator denied a similar motion. Second, Avalon’s filing of the application in circuit court subjected the award to a far more limited review than available from the arbitrator.
In Florida, the standard of judicial review applicable to challenges of an arbitration award is very limited, with a high degree of conclusiveness attaching to an arbitration award. Under this limited review, the courts must avoid á ‘judiciali-zation’ of the arbitration process. Arbitration is an alternative to the court system and limited review is necessary to prevent arbitration from becoming merely an added preliminary step to judicial resolution rather than a true alternative. In order to preserve the integrity of the arbitration process, courts will not review the findings of facts contained in an award, and will never undertake to substitute their judgment for that of the arbitrators.
Charbonneau v. Morse Operations, Inc., 727 So.2d 1017, 1019-20 (Fla. 4th DCA 1999) (citations omitted); see also Eaton Vance Distribs., Inc. v. Ulrich, 692 So.2d 915, 916 (Fla. 4th DCA 1997). An award can be set aside when the arbitrator is guilty of specific acts of misconduct, or if he/she exceeded the authority granted by the parties or the operative documents.[3] *1184 Charbonneau, 727 So.2d at 1020. -At bar, no bad acts were alleged.
Avalon claims that the damages were miscalculated and went beyond the damages contemplated by the franchise agreements; however, “in reviewing arbitral awards, a district or' appellate court is limited to determining whether the arbitrators did the job they were told to do-not whether they did it well, or correctly, or reasonably, but simply whether they did it.” Remmeyt v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir.1994). Furthermore, an arbitrator is not required to state the reason for his/her decision. Omaha Indem. Co. v. Royal Am. Managers, Inc., 755 F.Supp. 1451, 1458 (W.D.Mo.1991). Even when the award is silent as to the rationale behind it, the award “precludes relitigation of issues that a rational fact finder necessarily must have resolved in order to have reached the arbitration result.” Id.
Although the waters below were muddied by the pending cross-motions to confirm or to correct/modify the award which were never decided, the debt Avalon owed Alba/Olivieri was always in place.[4] At both times the writs were served, Avalon had a debt due to Alba/Oli-vieri that required no further action. Avalon did not want to pay and added extra, but unnecessary, steps to the process. That Avalon filed a motion did not mean that Alba had to perform additional acts before the monies were.due. A disputed debt due is still subject to garnishment. Ala. Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825, 827 (1924). After the settlement, the debt was structured as a payment schedule. A note requiring scheduled payments can be garnished. Coleman Music & Games Co. v. McDaniel, 411 So.2d 193, 194 (Fla. 5th DCA 1981); see also Schulz v. Schulz, 627 S.W.2d 91 ■ (Mo.App. S.D.1982) (holding a payment schedule in a marital settlement agreement sufficiently definite to warrant garnishment).
The Olivieris also raised a tenancy by the entireties (TBE) argument in their untimely motion to dissolve, filed long after the statutory time frame had expired. In BNP Paribas v. Wynne, 944 So.2d 1004 (Fla. 4th DCA 2005), we discussed the time for motions to dissolve writs and the statute’s directive that motions filed outside the allowed twenty days from service on the defendant of the garnishee’s answer were to be stricken “as an unauthorized nullity.” Id. at 1006.
At bar, the trial court refrained from ruling on the TBE issue in the final judgment under review. However, as we reverse the final judgment, we address the issue.
The arbitration award, and later the settlement, was against Avalon in favor of Alba Rent-A-Car, Inc. and both Olivieris, as individuals. Obviously, a TBE cannot be present for the combined interests of the Olivieris and Alba. Sitomer v. Orlan, 660 So.2d 1111, 1113 (Fia. 4th DCA 1995). *1185 The best that the Olivieris can be is co-owners of their portion of the award/settlement.
We do not address whether CFI’s argument that the Olivieris attempt to defeat payment to CFI through fraudulent transfer of the Alba award to themselves as a married couple has merit. The trial court should take evidence to determine whether the Olivieris are in violation of Chapter 726, Florida Statutes.
We remand for further proceedings.
POLEN and GROSS, JJ., concur.

. Alba blamed Avalon's bad faith communications with its creditors, ostensibly including CFI, for the ultimate repossession of its rental fleet and the demise of its operations. The arbitrator found these communications violated the Florida Deceptive and Unfair Trade Practices Act and prevented mitigation.

. Because of Hurricane Wilma, the first set of certificates and notices was duplicated two days after first served. The timeframe for Alba/Olivieris’ motion to dissolve the first writs was extended to December 5, 2005, and for the second writs, to January 2, 2006.

. The narrow statutory grounds include (1) an award procured by corruption, fraud, or undue means; (2) evident partiality or corruption of arbitrators; (3) arbitrators guilty of *1184 misconduct in refusing to postpone hearing or refusing to hear pertinent and material evidence, prejudicing any party; (4) arbitrators exceeded powers or so imperfectly executed them that a mutual, final and definite award upon subject matter submitted was not made; and some non-statutory grounds like (5) manifest disregard of the law; and (6) award is arbitrary and capricious. Brabham v. A.G. Edwards & Sons, Inc., 376 F.3d 377, 380-81 (5th Cir.2004); see also Lifecare Int’l, 68 F.3d at 435.

. Had CFI moved for final judgment prior to settlement, but with the cross motions pending, the correct remedy would not have been to dissolve the writs because of contingency, but to stay them. GEICO Fin. Servs., Inc. v. Kramer, 575 So.2d 1345, 1347 (Fla. 4th DCA 1991); Fla. Steel Corp. v. A.G. Spanos, Enters., Inc., 332 So.2d 663, 665 (Fla. 2d DCA 1976).