CORNELIUS S. GROOT *et al.*, Respondents, *v.* FREDERICK G. AGENS, Appellant.

*Court of Appeals, October* 25, 1887.

*Pleadings. Parties.*—Where one who ought to have been joined dies before the judgment is rendered, and the named plaintiffs fully own and represent the cause of action, the fact of such death obviates the defect of parties, and may be proved in reply to a plea in abatement, setting up the non-joinder.

Appeal from a judgment of the general term of the New York court of common pleas, affirming a judgment entered upon the report of a referee.

*Thomas Darlington*, for appellant.

*Fithian & Clark*, for respondents.

FINCH, J.—The complaint in this action contained two counts: One for the purchase and sale of stocks and advance of moneys and for commissions and interest, such purchases and sales having been made at the request of defendant,

whereby the latter had become indebted to the plaintiffs in the amount claimed; and the other for the same amount upon an account stated. The answer served pleaded the non-joinder of Hopper as a party plaintiff in abatement of the action, alleging that he was a partner and jointly interested with the plaintiffs in the demand sued upon, and was living at the commencement of the action. Upon the trial the counsel for the plaintiffs, for the purpose of defeating the plea in abatement, asked a witness if Hopper was dead to which the defendant objected, giving as a reason "the matters arising subsequent to the commencement of this action, and not in discharge of the indebtedness therein created, are not admissible, especially when, in this case, a plea of abatement was interposed by reason of the fact that Mr. Hopper was living at the time when the answer was served."

The objection was overruled and the defendant excepted, and now claims that since the referee found as a fact that Hopper was dead at the date of the commencement of the action, the plea in abatement could not be defeated by the evidence objected to.

The point is extremely technical and without any merit behind it, and it is not unreasonable to treat very strictly the form of the objection. It was unsound on its face for two reasons. The question did not ask for a matter "arising" subsequent to the commencement of the action, but for an existing fact irrespective of the question when it arose or occurred; and the plea did not allege, as the objection assumed, that Hopper was living when the answer was served. There is no finding and no proof that Hopper was living at that date, and, unless he was, the plea of non-joinder had no force when it was made. But if that had been true we see no good reason for hesitating to say that proof of Hopper's death at the date of the trial was admissible and a complete answer to the plea in abatement. The object of that plea when founded upon a defect of parties plaintiff is.

to give a better writ and so protect the defendant by a correct judgment. But, if before the judgment is rendered one who ought to have been joined is dead, and the named plaintiffs fully own and represent the cause of action there can be no better writ, and all force and effect is gone from the plea. The fact which has happened gives to the defendant the full benefit of his plea. He is exactly as safe as if Hopper had lived and the plaintiffs by amendment had joined him with them. If he had been joined originally, and then died, a mere suggestion on the record without amendment or supplemental pleading, would permit the action to proceed in the name of the survivors; and, on the other hand, where they alone sue, and the death of one who ought to have been joined obviates the defect of non-joinder, we see no reason why it may not be proved, and defeat the plea which has become useless and without merit.

No other question in the case requires consideration.

The judgment should be affirmed.

All concur.