In the Matter of the Arbitration between Erwin Wagner, as President of Local 64, I. F. L. W. U., Appellant, and Russeks Fifth Avenue, Inc., Respondent.

*Per Curiam.* Concededly there was between the parties a contract containing a broad arbitration clause relating to "any" dispute that might arise for any cause with respect to the "meaning, scope, intent, applicability, operation or interpretation" of the contract. The parties by their agreement to arbitrate have invested the arbitrator with judicial functions in a particular case; all questions of fact or law are submitted to him for final decision; and the courts

do not review arbitrators' decisions *de novo* on the merits (*Fudickar* v. *Guardian Mut. Life Ins. Co.*, 62 N. Y. 392, 399–400; *Matter of Wilkins*, 169 N. Y. 494).

The parties, employer and employees, appeared before the arbitrator, adduced evidence and submitted briefs; and it was only after the arbitrator had decided the issue in question against the employer, that the employer claimed the language in question was so clear as not to permit of any genuine dispute. After examining the relevant parts of the collective bargaining agreement in question, we think there was an ambiguity and a genuine dispute between the parties as to the meaning and applicability of the contract clauses in question. The arbitrator resolved this dispute in favor of the employees affected.

The record, including the affidavit of the representative of the board of arbitration, establishes conclusively that there was an agreement to waive the so-called five-day period for decision.

The record also indicates that the second order appealed from was not a mere denial of a motion to reargue but a reconsideration on all the facts and papers submitted, and an adherence by the court to his former decision. In that state of facts, the second order also dated July 24, 1952, is appealable. Both orders should be reversed.

The orders appealed from should be reversed, petitioner's motion to vacate the award denied and appellant's motion to confirm the award granted, with costs to appellant. Settle order.

Dore, J. P., Callahan and Breitel, JJ., concur in *Per Curiam* opinion; Cohn and Van Voorhis, JJ., dissent and vote to affirm upon the ground that the contract contains a clear definition of "year" as meaning a specified period of thirty-six weeks and therefore there is no arbitrable dispute.

Orders reversed, petitioner's motion to vacate the award denied and appellant's motion to confirm the award granted, with costs to the appellant. Settle order on notice.