Irving H. Saypol, J.
Motion to stay arbitration is denied. The facts are not in dispute. The parties made a five-year contract in writing on September 21, 1953, for the use of the respondent’s technical advice and patents by the petitioners and for certain payments. They agreed in the broadest way to arbitration ‘ ‘ of any dispute of any nature in any way arising hereunder, between the parties hereto, in any way* relating to this agreement or the subject matter thereof, in whole or in part ”.
October 29, 1953, they made a further written agreement complementing their agreement of September 21, 1953, including therein escrow provisions conditioning payments upon delivery by the respondent to the petitioners of writings, such as assignments and patents, etc., by December 15, 1953, making time of the essence. Since then there has been substantial performance of both agreements on both sides, including payment of $13,500 of the original escrow fund to the respondent. On the *525 respondent’s notice of arbitration as to a $5,000 payment which became due on March 30, 1958, under the agreement of September 21,1953, the petitioners seek this stay on the contention that there is no agreement for arbitration because there has not been total compliance with three of the seven items in the second agreement which were to have been fulfilled by December 15, 1953. Paragraph Fourth of the latter agreement conditions the existence of the first agreement upon compliance with the conditions which have been fulfilled in part.
The court on this application may deal only with “ the making of the contract [for arbitration] ” (Matter of Paloma Frocks [Shamokin], 3 N Y 2d 572, 574), and “ ‘ all acts of the parties subsequent to the making of the contract which raise issues of fact or law, lie exclusively within the jurisdiction of the arbitrators ’ (Paloma- Frocks [Shamokin], supra, p. 574, quoting Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76, 80). The parties have acted under both agreements so that the first, of September 21, 1953, with its arbitration clause, is effective in delegating issues, of law and fact to the agreed tribunal as to the recognition and adherence on both sides despite the provision of the second agreement making the existence of the first agreement dependent upon compliance with the conditions (Matter of Uraga Dock Co. [Mediterranean & Oriental S. S. Corp.], 6 A D 2d 443). The conduct of both sides in continued recognition of both agreements after December 15,1953, despite the nullifying provisions of the second contract in the event of noncompliance, leaves no scope for a finding that there is no arbitrable issue because there is no contract.
Settle order.