Irving H. Saypol, J.
Special Term on a motion to stay arbitration on the disputed question of the place of arbitration, i.e., New York or San Francisco, has referred the issue for trial as a question of fact.
The issue has been tried by the court without a jury and taken under advisement before completion of the proof on the premise that there is no issue of fact.
The court finds on a consideration of the documentary evidence that the proof is that the agreement of the parties is clear, there is no ambiguity and accordingly the question of intent and the meaning of the agreement of the parties poses no question of fact. Ultimate decision then is a matter of law (O’Neil Supply Co. v. Petroleum Heat & Power Co., 280 N. Y. 50, 55).
The agreement of the parties is evidenced by the exchanges of correspondence, Exhibits E, F and Gr at Special Term, which are petitioner’s Exhibits 1, 2 and 3 at the trial. Petitioner’s Exhibit 2, which is respondent’s letter of January 27, 1958, is confirmed by petitioner’s Exhibit 3, which is petitioner’s letter of February 24, 1958. Together these integrate the original contracts of 1956 which, in turn, integrate rules of the petitioner’s trade associations, particularly those of the National Canners Association. Altogether these documents call for arbitration. at the place nearest the location of the goods. Arbitration having been invoked initially by the respondent affecting some goods located in New Jersey, the question of the place of arbitration would seem to be entirely for the arbitrators (Matter of Wetzler [Equi-Flow], 16 Misc. 2d 524, citing Matter of Paloma Frocks [Shamokin], 3 N. Y. 2d 572, 574; Matter of Lipman, [Haeuser Shellac Co.], 289 N. Y. 76, 80; Matter of Uraga Dock [Mediterranean S. S.], 6 A D 2d 443).
Let an order be settled reporting the foregoing to Special Term where the motion is now held in abeyance.