Henry J. Latham, J.
By notice of motion dated November 13, 1959 petitioner, Florida Molasses Company, moved for an order confirming the supplementary award of the arbitrators herein, made on November 12, 1959, and for the entry of judgment thereon in its favor.
By stipulation dated November 17, 1959, entered into by the attorneys for the respective parties, this motion was adjourned *641 to December 15, 1959 and it was agreed ‘6 that answering affidavits, if any, to be submitted in opposition shall be served on or before December 8, 1959.”
Instead of serving answering affidavits as such, First National Oil Corporation, designating itself petitioner, moved by a notice of motion dated December 8, 1959 and served by mail that day, together with the petition and accompanying papers, for an order directing that the supplementary award, dated November 12, 1959, be vacated and set aside on the grounds that the arbitrators (1) were partial towards Florida Molasses Company, (2) were guilty of misbehavior to the prejudice of the rights of First National Oil Corporation, (3) were guilty of misbehavior and partiality toward Florida Molasses Company in making an award in its favor for a quantity of molasses claimed by it-to have been lost, which quantity, as found by the arbitrators in their supplementary award, was far in excess of any amount shown to have been lost by any evidence before them, and (4) that they exceeded their powers, in that the award made by them is invalid because two of the parties to the submission, partners of the Florida Molasses Company, died thereafter, but prior to the making of the supplementary award, dated November 12, 1959.
The attorneys representing Florida Molasses Company urge that the application' to vacate and set aside the award does not answer their petition to confirm it, and that in any event, the application to vacate should be denied on its merits, and the application to confirm the award should be granted and judgment entered upon such award.
It is true that no answer as such was filed to the petition to confirm the award, nor any separate affidavits submitted in opposition. It is evident, however, from the petition of First National Oil Corporation to vacate and set aside the award that it was submitted, together with the accompanying papers, not only in support of such relief but in opposition to the application of Florida Molasses Company to confirm the award and for judgment.
The court has, therefore, considered both applications on the merits, since otherwise form would be exalted over substance. (Keremelis v. Albany Pearl Taxi, 274 App. Div. 360.)
A reading of the voluminous papers submitted by both sides does not demonstrate to this court’s satisfaction that the arbitrators were partial in any way to Florida Molasses Company, that they were guilty of any misbehavior in reaching the conclusions embodied in their award, or that they prejudiced any of the rights of First National Oil.
*642 When the original award by the same arbitrators was before this court, First National Oil claimed that the arbitrators made obvious mistakes in calculating the damages, were guilty of partiality in favor of Florida Molasses Company, exceeded their powers, and that the award made by them was invalid because one of the partners of Florida Molasses Company died after the submission, but prior to the award, and no steps were taken to join his executor, administrator or temporary administrator.
Mr. justice Pette found that there was a miscalculation in the amount of damages, and for that reason alone vacated the award, but concluded: “Inasmuch as this court is satisfied that the indicated errors were unintentional and not culpable, the proceeding is remitted to the same arbitrators for the purpose of reconsidering the amount of damages in light of the testimony already before them, supplemented by such other relevant and material proof as they may require or as may properly be tendered by the respective parties. It would appear, as disclosed in the opposing affidavit, that the arbitrators themselves have indicated willingness to consider alleged errors in the award, which were brought to their attention in petitioner’s counsel’s correspondence with them, subsequent to the filing of the award.” (2 Misc 2d 225, 234.) In affirming this determination, Mr. Justice Wenzel, speaking for a unanimous court, noted that ‘ ‘ no evidence was adduced upon which a finding could properly have been made that the arbitrators were guilty of partiality ’ ’ and that there was 1 ‘ no warrant for the view that these arbitrators would be guilty of partiality in the further proceedings to be had.” (Matter of First Nat. Oil Corp. [Arrieta], 2 A D 2d 590, 593.)
Motions for reargument and leave to appeal to the Court of Appeals were thereafter denied in the Appellate Division. (3 A D 2d 672.) The Court of Appeals denied such leave on the ground that the order sought to be reviewed did not finally determine the proceeding within the meaning of the Constitution. (2 N Y 2d 992.)
As already noted above, this court finds no evidence in the record before it from which it could properly be held that the arbitrators were guilty of any partiality or misbehavior in finding against First National Oil on the question of liability, and determining the amount of their award. It is, of course, understandable that First National Oil is disappointed with the result, but in agreeing to arbitration, both parties created their own forum, chose their own judges (Matter of Ehrlich, Inc. [Unit Frame Corp.], 5 N Y 2d 275, 279) waived all but limited *643 rights of review or appeal, dispensed with the rules of evidence and left the issues “to be determined in accordance with the sense of justice and equity that they may believe reposes in the breasts and minds of their self-chosen judges * * * subject only to the statutory grounds for vacatur of the award”. (Matter of Spectrum Fabrics Corp. [Main St. Fashions], 285 App. Div. 710, 714-715, affd. 309 N. Y. 709.) AH reasonable intendments and presumptions are indulged in support of awards in arbitration (Fudickar v. Guardian Mut. Life Ins. Co., 62 N. Y. 392, 400, 401). The courts have no power to review errors of fact or law made by the arbitrators (Matter of Brighton Mills [Rayon Corp. of America], 282 App. Div. 669) and render a decision de novo on the merits. (Matter of Wilkins, 169 N. Y. 494; Matter of Wagner [Russeks Fifth Ave.], 281 App. Div. 825.)
As for the claim of First National Oil that the award is invalid because two of the partners of Florida Molasses Company died after the submission and prior to the making of the -supplementary award of November 12,1959, the law of the ease on this subject was established in the prior proceedings, both by Mr. Justice Pette at Special Term and by the Appellate Division when it affirmed his determination. The Appellate Division noted in its opinion (2 A D 2d 592):
‘ ‘ Upon the death of Lopez, the partnership became dissolved by operation of law (Partnership Law, § 62, subd. 4), the right of Lopez in any specific partnership property, which would include these arbitrated claims, became vested in the surviving partners (Partnership Law, § 51, subd. 2, par. [d]), and the right to wind up the partnership affairs devolved on the surviving partners (Partnership Law, § 68; see Silberfeld v. Swiss Bank Corp., 273 App. Div. 686, affd. 298 N. Y. 776; Groot v. Agens, 107 N. Y. 633).
“ Since, as pointed out above, respondents’ claim for damages did not abate, and since upon the death of Lopez all rights in this claim became vested in Ms surviving partners, upon whom also devolved the right to wind up the partnership affairs, substitution of a representative of the estate of Lopez would not have been proper (cf. Silberfeld v. Swiss Bank Corp., supra)."
It follows that the cross application of First National Oil to vacate and set aside the -supplementary award, dated November 12,1959, is denied in all respects, and the application of Florida Molasses Company to confirm said award and for the rendition of judgment thereon in its favor, is granted in all respects. Proceed on notice.