Thomas A. Aueelio, J.
Petitioner is a supplier of canned tomatoes and tomato products. Respondent is a user. It is the latter’s claim that in November and December, 1956, petitioner agreed to furnish an exclusive and continuing supply, and in implementation of such agreement respondent did order certain tomato products from the petitioner in relation to the 1957 Fall crop, to be delivered upon request during 1958. Further order was given to the petitioner to supply certain needs in relation to the 1958 Fall crop. The products delivered from the 1957 crop, respondent says, were sub par. Because of petitioner’s failure, upon demand, to take measures to improve the quality of its shipments stemming from that crop, respondent stored the balance of the 1957 supply on hand, and notified the petitioner it would not accept deliveries stemming from the 1958 crop. Respondent demanded arbitration in November, 1958. Petitioner moved for a stay. The provision for arbitration reads: ‘ ‘ Any controversy arising out of this contract shall be settled by arbitration in New York, Chicago or San Francisco. In the absence of agreement by the parties, arbitration shall be held in the above city nearest to the point where the goods are located. Arbitrations shall be held before and under the rules of the joint arbitration boards appointed or approved by the National-American Wholesale Grocers’ Association, the National Food Brokers’ Association and the National C'anners’ Association.”
*165 National Canners’ Association Rule VI provides: “Unless the arbitration clause, submission agreement, or other written agreement between the parties shall otherwise provide, the arbitration shall be held before the Arbitration Board approved for the city nearest to the place where the goods which are the subject matter of the controversy are then located.” There was dispute as to the place for arbitration, respondent contending that a single agreement was reached embracing the relationship between the parties as exclusive supplier and purchaser, and petitioner contending that the orders affecting the 1957 and 1958 crops are separable, each requiring arbitration at the indicated city nearest the location of the particular crop. An interim stay was granted pending the determination of the issue, which was referred for hearing. Following such hearing the court stated in its opinion (17 Misc 2d 499), dated May 5,1959: “ The court finds on a consideration of the documentary evidence that the proof is that the agreement of the parties is clear, there is no ambiguity and accordingly the question of intent and the meaning of the agreement of the parties poses no question of fact. Ultimate decision then is a matter of law (O’Neil Supply Co. v. Petroleum Heat & Power Co., 280 N. Y. 50, 55). The agreement of the parties is evidenced by the exchanges of correspondence. Exhibits E, F and Gr at Special Term, which are petitioner’s Exhibits 1, 2 and 3 at the trial. Petitioner’s Exhibit 2, which is respondent’s letter of January 27, 1958, is confirmed by petitioner’s Exhibit 3, which is petitioner’s letter of February 24, 1958. Together these integrate the original contracts of 1956 which, in turn, integrate rules of the petitioner’s trade associations, particularly those of the National Canners Association. Altogether these documents call for arbitration at the place nearest the location of the goods. Arbitration having been invoked initially by the respondent affecting some goods located in New Jersey, the question of the place of arbitration would seem to be entirely for the arbitrators.” Thereupon Special Term, in finally determining the motion before it, concluded: ‘ ‘ All acts by the parties giving rise to issues in relation to the contract, including the location of the merchandise in dispute and the place of arbitration, are within the exclusive jurisdiction of the arbitrators. To allay the fears of the petitioner, the court observes that the refusal to stay the proceeding in this jurisdiction is not to be considered as affecting the proceeding commenced in California. The place of arbitration, the court reiterates, is to be determined by the arbitrators themselves in accordance with the express provisions of the arbitration clause *166 and the Rules of the National Canners Association.” In the meantime the petitioner had instituted an arbitration proceeding in San Francisco, California, pertaining to the 1958 crop.
Pursuant to the demand for arbitration before the court, the respondent gave notice 11 that pursuant to the agreement in writing between the parties hereto dated December 4, 1956, and the renewal of said agreement for the 1958 crop dated January 27, 1958 and the confirmation thereof dated February 24, 1958, Buitoni Foods C'orp., the undersigned, intends to proceed to and conduct an arbitration of the dispute between the said parties ’ ’. The interim stay having been vacated, the arbitration proceeded in October, 1959. On the issue of jurisdiction, the arbitrators took proofs on October 29 and October 30, 1959, and on October 30, 1959 they announced in writing their findings and award, which in effect determined that the place for arbitration with respect to the 1957 crop was New York City, and with respect to the 1958 crop was San Francisco. Thereafter the taking of proofs upon the substance of respondent’s claim as to the 1957 crop proceeded and an award, dated December 17, 1959, was made. Neither the award with respect to jurisdiction nor the latter award complied with statutory requirements as to form. A stipulation of November 6, 1959 had extended the time for award- through December 21, 1959 in order to meet the rule requirement for award within 15 days after close of hearings. By letter of December 29, 1959 of petitioner’s counsel he forwarded to the chairman of the arbitration board a proposed award complying with section 1460 of the Civil Practice Act, which award combines and embodies the substance of the two prior awards. Such final document was signed and executed and acknowledged, and is dated January 4, 1960. Petitioner has not moved for confirmation, but respondent now moves for an order vacating the purported findings and award dated October 30, 1959, the award dated December 17, 1959, and the findings and award dated January 4, 1960, pursuant to sections 1462 and 1463 of the Civil Practice Act, upon the ground that the arbitrators exceeded their powers, and so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made; that the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, and in refusing to hear evidence pertinent and material to the controversy. The respondent moves, further, for an order staying the petitioner from taking any proceedings in enforcement of the mentioned awards and from proceeding with arbitration in San Francisco, California.
*167 Respondent attacks the preliminary award determining jurisdiction in favor of San Francisco with respect to the 1958 crop. Whether there was one or two contracts or an agreement delineating the relationship between the parties which the orders of 1956 and 1958 merely implemented, as respondent urges, is of no consequence. Respondent had demanded arbitration with respect to claims touching the 1957 and 1958 crops. It had already been found that the 1958 order integrated the 1956 order, which in turn integrated the rules of the petitioner’s trade association. The issue of jurisdiction was submitted for determination to the arbitration board here convened, in pursuance of the demand for arbitration and the order of this court, and this determination was for the board. That issue having been left for determination here, it could not again be litigated in any part elsewhere. Whatever the result, it is final as to both crops, unless such finding is impeachable under section 1462 of the Civil Practice Act.
Respondent assails the finding or award that in relation to the 1958 crop jurisdiction is in San Francisco. Petitioner does not dispute that jurisdiction is here in relation to the 1957 crop, which appears, indeed, to be in the State of New Jersey, that is, what remains of it. There appears to be here a small portion of the 1958 product, but that is here by reason of a stipulation which petitioner urges withdraws that portion of the 1958 product from consideration.
For vacatur respondent relies upon what occurred upon the conclusion of the taking of respondent’s proofs on the issue of jurisdiction. That issue was to be determined upon a finding as to the place where the goods were then located. Many statements were made by petitioner’s counsel at different times that the goods are in California, were in California, were sold in diminution of damage, some were still there, they had been there. By telegraphic message of November 10, 1958, the petitioner advised that it was proceeding to dispose of the 1958 crop products in order to diminish damage and that the respondent would be held liable for any damage. When respondent concluded its proofs on the subject, the petitioner refused to offer sworn testimony or other proper proof upon the subject. It was upon such a record that the arbitrators, in the absence of any proper proof of the presence then of any products in California, found that jurisdiction was in California in relation to the 1958 crop. Respondent had established, and it was conceded, that goods under the integrated contract were here. If any were elsewhere, it was for the petitioner to establish the fact so as to enable the board to make a finding with respect thereto.
*168 An award is vacatable where the arbitrators are guilty of any misbehavior by which the rights of any party have been prejudiced or where they have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Petitioner’s counsel were perverse in their refusal to offer witnesses to establish any facts capable of raising an issue and inviting a finding in petitioner’s favor. No finding was in fact made save as it may emerge from the award upon the issue of jurisdiction in favor of the petitioner as to the 1958 crop. Not only was no proof offered by the petitioner, but from aught that appears from the arguments and statements of counsel, the petitioner succeeded completely in its purpose to diminish damage so that nothing remains anywhere of the 1958 crop save that shipment made to the respondent pursuant to the stipulation that it was made without prejudice. Whether this related solely to the justice of the respective claims with respect to the quality of the 1957 crop product or to any question of jurisdiction also, does not clearly appear. Jurisdiction cannot be imposed unless with consent of all involved, and no consent was given. Upon such perversity in the indicated respect, the board nevertheless seemed to have found that the 1958 crop exists elsewhere and accordingly awarded upon the question of jurisdiction in favor of the petitioner with respect to the 1958 crop, and determined that jurisdiction was in San Francisco. Otherwise stated, there was no proper proof whatever before the board that facts existed which could have ousted it of jurisdiction as to any part of the matter submitted to it pursuant to the demand for arbitration. This does not involve a matter of review of findings and award upon conflicting proofs, but of imperfect execution of power in awarding upon a record which contains proof upon one side only and in support of the side offering it. The device of concession that the 1957 crop product is in the East only, cannot serve to relieve the petitioner of the necessity of offering proof tending to indicate any requirement under the contract for arbitration in California. This is not a matter of reviewing the amount or nature of the testimony, but rather of an award based on evidence of one side only. The arbitration is single, under a single demand, there was proof of goods here and nothing more. In the nature of this matter and of the arbitration provision and the association rule, the issue of jurisdiction could be determined only once, and there where a party first demands arbitration and a board first undertakes to hear and to determine as to the place where the goods then are.
*169 Petitioner’s argument is that: “ The Arbitrators had before them: (1) evidence of the 1958 crop contract [Respondent’s Exhibits 1, 2, 3, & 4]; (2) Flotill’s demand for shipping instructions; (3) Buitoni’s statement repudiating the contract [Respondent’s Exhibit ‘ 8 ’ — Mins. p. 220]; (4) Flotill’s reply that the merchandise under the 1958 crop contract would be disposed of to mitigate damages [Petitioner’s Exhibit No. 4 — Mins. p. 220]. These documents alone, without one word of spoken testimony, are sufficient to establish that inasmuch as the goods were not shipped because of Buitoni’s anticipatory repudiation on October 16,1959, they were in California several weeks later when on November 11, 1959, Flo till terminated the 1958 contract and thereafter demanded arbitration.” In the first place, the dates are erroneously set forth. The repudiation was by letter of October 1, 1958, and the telegraphic notification of purpose to diminish damage is dated November 10, 1958, and the demand for arbitration was made in November, 1958. The petitioner fails to refer to any testimony in the record covering more than 250 pages on the particular issue of the existence of any goods elsewhere than in New Jersey. The contract and association rule cannot be adjusted to fit the facts. Power is limited thereby, and the board can neither take nor decline jurisdiction save as the fact is proved and found at the time of arbitration. Petitioner argues that it is the location at the time of breach and demand for arbitration that controls. The contract states that “ Arbitration shall be held in the above city nearest to the point where the goods are located.” The order directed that arbitration be held pursuant to the arbitration clause, and the association rule. Rule YI provides the determining factor is “ where the goods which are the subject matter of the controversy are then located.” Obviously, the purpose throughout is to hold an arbitration where the goods are available for inspection if necessary. The board had not received some proof in relation to the 1958 crop, but no proof whatever. This total abdication of power following petitioner’s perverse refusal of offer of proper proof amounts to exercise and execution of power so imperfect as to render the award a nullity. As already indicated, the association rule with respect to the question of jurisdiction emphasizes the location of the goods subject of the controversy. It is not the whole controversy, whatever it may prove to be, that controls upon the question of jurisdiction, but the goods subject of the controversy. The 1958 crop was never in controversy save as it became involved by reason of the anticipatory breach based upon the quality of the 1957 crop, which, in the *170 context here, constitutes the goods in controversy. But in addition the association rule requires that oral proofs be taken from sworn witnesses.
In Halstead v. Seaman (82 N. Y. 27, 30-31), the court stated: ‘1 Unless the arbitrators were right in their construction of the submission, the refusal to receive evidence was misconduct which vitiates their award. The refusal of an arbitrator to examine witnesses is sufficient misconduct on his part to induce the court to set aside his award, though he may think he has sufficient evidence without them * * *" It is for the court to judge whether arbitrators have exceeded their powers, or refused to exercise them.” The issue at this point is not a refusal to hear witnesses or evidence. But the failure of presentation of any proofs on one side, followed by an award as though proofs had been offered and submitted on that side, would require the application of the stated principle. It is for the court to determine whether the arbitrators complied with the rules and in connection therewith imperfectly executed their powers. In Matter of Duro Constr. (Premium Coal & Oil Co.) (143 N. Y. S. 2d 449, 450) the court stated: “ The contention is made in the papers that in order to have reached their conclusion, the majority arbitrators would necessarily have had to consult with others not present at the hearing and take into consideration matters not appearing before them as arbitrators. Under the circumstances, the Court feels that this arbitration proceeding resulted in an unfair award because it was based upon testimony not produced at the hearing. The Court, therefore, directs that a new arbitration be held ’ ’. So, here, it must be deemed that the award of jurisdiction in California as to the 1958 crop was in derogation of the association rule by which the parties are bound (Matter of Oltarsh [Classic Dresses], 255 App. Div. 532) and was based upon oral arguments and statements only, and not upon sworn testimony.
There is a more fundamental defect in the award. An award is without legal effect and is unenforcible until ratified (Matter of Friedman, 215 App. Div. 130; Matter of Fletcher, 237 N. Y. 440). Its ratification and enforcement are in the exclusive jurisdiction of the court when the contract or submission so provides (Sanford Laundry v. Simon, 285 N. Y. 488). The contract arbitration provision here states in part: ‘1 Each party hereto hereby agrees that a judgment of the United States District Court in and for the district within which the award was made shall be entered upon the award made, but the State Courts shall have sole jurisdiction of enforcing this agreement to arbitrate *171 and any arbitration award in all cases in which the United States District Court shall not have jurisdiction.” As already indicated, the last award was delivered after the time for award had expired. Petitioner did not, and does not, move for confirmation and judgment. Also, as already indicated, the petitioner has attempted to proceed with arbitration in California. Yet jurisdiction would be exercised there in enforcement of an award here, which is not-yet enforcible and cannot be enforced. That there is a bar to confirmation, the petitioner in its brief concedes (Matter of Wagner [Russeks Fifth Ave.], 281 App. Div. 825). Thus a fair, final, mutual and binding award has not been reached and the powers have been so imperfectly exercised as to leave the parties in a no man’s land.
Accordingly, the award must be vacated and the motion is granted in all respects. Settle order.