In the Matter of the Arbitration between GERTRUDE S. COHEN et al., Appellants, and LEO COHEN, Respondent.

First Department, November 13, 1962.

*Ira M. Millstein* of counsel (*Max Cutler* and *Marshall C. Berger* with him on the brief; *Weil, Gotshal & Manges* and *Cutler & Cutler,* attorneys), for appellants.

*Harry J. Halperin* of counsel (*Samuel L. Scholer* with him on the brief; *Halperin Shivitz Scholer & Steingut,* attorneys), for respondent.

EAGER, J. The petitioners appeal from an order denying their motion, purported to be made pursuant to section 1458-a of the Civil Practice Act, to stay " so much of the arbitration of controversies between the parties" as relates to claims of respondent allegedly barred by the Statute of Limitations.

The pending arbitration stems from a written agreement for submission to arbitration. The agreement, which provided that the individual petitioners were to buy from the respondent his stock in three certain closely-held corporations and that the arbitrators were to fix the purchase price of the stock, was intended to settle and dispose of two pending actions brought by the respondent. The one action, in the nature of a stockholders' derivative action, had been instituted to recover for alleged wrongful acts of the individual petitioners and others as officers of the three corporations; and by the terms of the submission, it was provided that, in evaluating the interest of the respondent in the corporations and fixing the purchase price for his stock, " the arbitrators may take into consideration claims asserted " by the respondent in such derivative action. The respondent had also instituted an action against the corporations to recover moneys allegedly due him under and for breach of an employment agreement and to recover upon certain checks and on account of an alleged loan; and it was provided by the submission that the controversy between the parties with respect to " the claims " of respondent against the corporations " as set forth in the complaint in " the said action were also submitted to the arbitrators.

By the terms of the submission agreement, the respondent was to have reasonable access to the books and records of the corporations " for the purpose of examining said books and records insofar as they pertain to the controversies submitted herein ". Pursuant thereto, the accountant for the respondent was permitted to examine the books of the corporations covering the years 1951 through 1958. The respondent then requested a further examination of the books and records going back to the date of January 1, 1946. The petitioners, however, refused such examination and the arbitrators have scheduled a hearing to determine how far back the examination of the records should be permitted to go. In the meantime, however, the petitioners brought this motion to stay arbitration and contend here that claims predating a period beginning six years prior to the commencement of the respondent's said actions are barred by the Statute of Limitations and that the arbitration should be limited to preclude the arbitrators from consideration of all such claims and matters in relation thereto. It is on this

theory that the stay is sought pursuant to section 1458-a of the Civil Practice Act. Said section 1458-a reads as follows:

" A motion to compel arbitration shall be denied, and a motion to stay arbitration granted, if at the time of the giving of notice of intention to arbitrate, or of the making of a demand for arbitration, the claim sought to be arbitrated would be barred by an existing statute of limitations if such claim were asserted in an action in a court of this state.

" Such bar shall be asserted in court at or before the hearing of such motion or the commencement of the first hearing in the proposed arbitration proceeding, whichever shall be earlier; except that any party who is entitled, under the provision of section fourteen hundred fifty-eight, subdivision two, to put in issue the making of the contract or submission or the failure to comply therewith, may at the same time assert such bar.

" The failure to assert such bar in court shall not preclude the raising of such bar before the arbitrators who may, in their sole discretion, apply or not apply such bar. Such exercise of discretion by the arbitrators shall not be subject to review by any court upon a motion to confirm, vacate, modify, or correct an award. "

Section 1458-a was proposed upon the basis that " The same considerations of public policy which make stale claims in actions at law unenforceable also apply to disputes in arbitration." Specifically, it was enacted to eliminate the confusion theretofore existing in the decisions as to whether a proceeding in court could be invoked to enforce the defense of the Statute of Limitations or whether the applicability of the defense was in the sole discretion of the arbitrators. (N. Y. Legis. Annual, 1959, pp. 12, 13, 27.)

The legislative memorandum of Senator Periconi, who introduced the legislation, noted that the proposed section " also clearly indicates that the period of the statute runs up to the time of giving of notice of intention to arbitrate or making of a demand for arbitration " (p. 12). Thus, as appears from a reading of the opening paragraph of said section, it (said par.) was designed to fix the date to which the Statute of Limitations would run where the proceeding for arbitration was commenced by " the giving of a notice of intention to arbitrate or of the making of a demand for arbitration."

It is obvious that this first paragraph of section 1458-a, by the terms used therein, is limited in its application to arbitration proceedings instituted by " notice of intention to arbitrate " or by a " demand for arbitration ".

Fundamentally and by statute, the source of and basis for the institution of an arbitration proceeding may be either one of two general types of agreement, namely, an agreement which provided for arbitration of future controversies or an agreement providing for submission of existing controversies. (See Civ. Prac. Act, art. 84; 21 Carmody-Wait, New York Practice, § 12, p. 396.) The proceeding which is authorized by a prior agreement for the arbitration of future disputes, may be instituted by the giving of a " notice of intention to arbitrate " or by the making of a " demand for arbitration ". These phrases are well understood in the arbitration area to refer to proceedings taken pursuant to such an agreement and have no application to proceedings instituted by a submission agreement. So, the first paragraph of said section 1458-a, limited as it is by the use of these particular phrases, has no bearing on the running of the Statute of Limitations where, as here, we have a written agreement for submission to arbitration of certain existing controversies between the parties.

The prime object of the legislation as a whole, however, was to eliminate in all arbitration proceedings the confusion as to the applicability and proper method for raising the Statute of Limitations as a defense to claims in process of arbitration. In discussing this object, Senator Periconi stated that the section " would allow the bar to be invoked either in court on a motion to compel or stay arbitration, or before the arbitrators. If the bar is not raised in court, but is only presented to the arbitrators, the applicability of the statute shall rest in the sole discretion of the arbitrators, and their decision shall be final. This procedure allows the parties, if they wish, to have the question of the applicability of the statute brought before the court, but in default of a move to bring it before the court, gives the arbitrators full power to settle the question." (N. Y. Legis. Annual, 1959, pp. 12, 13.)

In furtherance of these purposes, the provisions of the statute, applicable in the case of a proceeding pursuant to written submission, are that the bar may be asserted at the time a motion is made pursuant to subdivision 2 of section 1458 of the Civil Practice Act to " put in issue the making of the * * * submission or the failure to comply therewith "; and there is the further provision applicable to all arbitration proceedings that the " failure to assert such bar in court shall not preclude raising of such bar before the arbitrators " (§ 1458-a). Of course, on the motion as authorized by the statute, the court will be bound by the terms of the submission agreement. Primarily, the

question to be determined by the court will be whether or not the submission embraces the claim which is allegedly barred by the Statute of Limitations. If so embraced and if it appears that the questions with reference to the applicability and effect of the Statute of Limitations are within the scope of the submission, then the court would be precluded from enforcing the statutory bar.

Generally speaking, in the absence of some express restriction or reservation in connection with a written submission, the parties thereto are presumed to have agreed " that everything, both as to law and fact, which is necessary to the ultimate decision, is included in the authority of the arbitrator." (See 6 C. J. S., Arbitration and Award, § 48.) There being no expressed intent to the contrary, a submission is deemed to embrace all issues of fact and law with reference to the controversies submitted. (See *Matter of Wagner* [*Russeks Fifth Ave.*], 281 App. Div. 825; *Matter of Samuel Adler, Inc.* [*Local 584*], 282 App. Div. 142; *Matter of Penco Fabrics* [*Louis Bogopulsky, Inc.*], 1 A D 2d 659; *Matter of Flotill Prods.* [*Buitoni Foods*], 14 A D 2d 328, 334.) All such issues, which are not expressly or by plain implication excluded from their domain, are to be determined by the arbitrators. Thus, in a broad and unrestricted submission of a controversy to arbitration, the issue of whether or not the Statute of Limitations is a bar to a claim involved, including the question of alleged waiver of the statute, is generally within the competence of the arbitrators. (See *Matter of Shea*, 309 N. Y. 605, 619; *Matter of Reconstruction Fin. Corp.*, 106 F. Supp. 358, affd. *sub nom. Reconstruction Fin. Corp.* v. *Harrisons & Crosfield*, 204 F. 2d 366; *Hammerstein* v. *Shubert*, 127 N. Y. S. 2d 249; *Matter of Home Ins. Co.* [*Schulman*], N. Y. L. J., May 1, 1961, p. 16, col. 3; *Piatti* v. *Grotta & Co.*, N. Y. L. J., May 3, 1951, p. 1623, col. 1; 39 Cornell L. Q. 107, Note.)

Notwithstanding that particular claims may be in whole or in part barred by the Statute of Limitations, the parties may agree that the validity and enforcibility of the same shall be submitted to arbitration; and the court should give full effect to the agreement of the parties. So, if it appears that the particular claims sought to be outlawed by means of a motion for a stay of arbitration were embraced by the submission and were, by agreement of the parties, submitted without reservation for determination by the arbitrators, then the motion must be denied and the issues left to them.

Here, as afore-noted, the parties intended that the submission to arbitration should dispose of all controversies and issues

between the parties arising in connection with the claims which were the subject of the two actions brought by the respondent. It is clear that the parties contemplated that the arbitrators should pass upon all questions relating to the validity and allowability of the respondent's respective claims. The fact is that the Statute of Limitations had been specifically pleaded in the actions as defenses to the respondent's claims and the merits of such defenses were embraced within the matters which would have been determined in the ordinary course of litigating the claims. So, when the determination of the litigation was transferred from the courts to the arbitration forum, it is to be assumed that the issues having to do with the applicability and effect of the Statute of Limitations upon the alleged claims were to be submitted to the arbitrators for determination along with all other disputed issues with respect to the claims.

In view of the foregoing, the order entered August 2, 1962, denying application for an order staying arbitration, and dismissing the petition herein, should be affirmed on the law, without costs.

BOTEIN, P. J., BREITEL, VALENTE and MCNALLY, JJ., concur.

Order, entered on August 2, 1962, denying application for an order staying arbitration, and dismissing the petition herein, unanimously affirmed on the law, without costs.